IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricio Gonzalez, #07198-030,         ) | C/A No. 8:16-3124-BHH-JDA |
| Petitioner,      ) | |
| vs.                                     ) | **REPORT AND RECOMMENDATION** |
| The State of Texas,                     ) | |
| Respondent.    ) | |

Patricio Gonzalez ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.[1] He paid the $5 filing fee. [Doc. 14.] Petitioner is a prisoner incarcerated at FCI-Williamsburg, in Salters, South Carolina, and he seeks to vacate a Texas state conviction and sentence. In the interest of justice, this case should be transferred to the United States District Court for the Western District of Texas (Pecos Division).

## **BACKGROUND**

Petitioner alleges that on May 8, 2015, he was convicted by guilty plea of prohibited substance / item in correctional facility in a Reeves County, Texas state court. [Doc. 1 at 2–3.] He alleges he received a sentence of five years concurrent to a twenty year federal sentence. [Doc. 1-3 at 1.] Petitioner is currently incarcerated in Salters, South Carolina, at FCI-Williamsburg apparently serving a federal sentence. [Docs. 1, 1-3.]

In the instant case, Petitioner originally completed and filed the form for petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and named his current warden in South

---

[1]Petitioner completed the form related to a habeas corpus action pursuant to 28 U.S.C. § 2241, and he named the Warden of FCI Williamsburg in South Carolina as the Respondent. However, the Clerk of Court construed the action to be pursuant to § 2254 due to the content of the Petition.

Carolina, but he requested to vacate a Texas state conviction and sentence entered on May 8, 2015.[2] [Doc. 1.] He seemed to contend that the savings clause contained in 28 U.S.C. § 2255 applies to him such that he is permitted to file a § 2241 habeas action in this Court. [*Id.* at 4.] However, because Petitioner requested to vacate a Texas state conviction and sentence, the Clerk of Court construed and opened the action as pursuant to 28 U.S.C. § 2254.

In an attempt to clarify which type of action Petitioner intends to bring and which conviction and sentence he is attacking, this Court directed Petitioner to respond to special interrogatories; and he did. [*See* Docs. 6, 11, 13.] Petitioner now has clarified that he *only* attacks his Texas state conviction and sentence entered on May 8, 2015; and, thus, he completed and submitted the Court's § 2254 habeas form naming the state of Texas as the Respondent. [Docs. 13, 1-3.] It appears that in the instant case he is not in any way challenging his federal conviction and sentence.

Petitioner also contends that he filed a state action in a Texas court to seek post-conviction relief, and it was finally denied on June 15, 2016. [Doc. 13 at 2.] He further contends that he did not file a § 2254 habeas action in the United States District Court for the Western District of Texas "because I thought that this Honorable U.S. District Court has concurrent jurisdiction?" [*Id.*]

---

[2]Because this Court recommends a transfer to the United States District Court for the Western District of Texas (Pecos Division), Petitioner's grounds for relief are not set forth herein. That is better left to the transferee court.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal or transfer. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Although Petitioner originally filed this action on a 28 U.S.C. § 2241 form, the action clearly attacks only a Texas state conviction and sentence. Thus, the applicable federal statute is 28 U.S.C. § 2254; and, the Clerk of Court and the undersigned have construed this case as pursuant to that statute versus the state of Texas. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it

3

within a different legal category."); *Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *4, n.4 (D.S.C. May 11, 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction.'"). Additionally, Petitioner essentially acknowledges that he now realizes he needs to bring his action pursuant to 28 U.S.C. § 2254, and he submitted the appropriate form. [Docs. 13, 1-3.] He further explains that he filed the instant action in the District of South Carolina, instead of the United States District Court for the Western District of Texas, because he believed this Court has concurrent jurisdiction over the action. [Doc. 13.]

Petitioner was mistaken; this Court does not have concurrent jurisdiction over his challenge to his Texas state conviction. *See* 28 U.S.C. § 2241(a). This Court does not have jurisdiction or venue over Petitioner's § 2254 action because it does not have the power to grant the writ versus the state of Texas. *See Llovera v. Florida*, C/A No. 4:13-859-TMC-TER, 2013 WL 5468256, at *5 (D.S.C. Sept. 30, 2013) (explaining that the United States District Court in South Carolina did not have jurisdiction to consider a § 2254 petition challenging a Florida state conviction); *see also Cox v. McCabe*, C/A No. 3:11-3256-TMC-JRM, 2012 WL 220253, at *2–3 (D.S.C. Jan. 3, 2012) (explaining that a petitioner in custody under a state court judgment and bringing claims about the validity of his state criminal conviction can only proceed under § 2254 and not § 2241), *adopted*, 2012 WL 220 248 (D.S.C. Jan. 24, 2012).

A case may be transferred pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1631 if it is "in the interest of justice" to a district in which the action could have been brought.

*See Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011) (finding that instead of dismissing the § 2241 Petition, the interest of justice required the district court to transfer it to the sentencing court because if petitioner were to file a new § 2255 motion in that district the claims likely would have been time-barred); *Provenzale v. United States*, 388 F. App'x 285 (4th Cir. 2010) (explaining that if a district court construes a § 2241 petition as a § 2255 motion it would lack jurisdiction to entertain the motion; thus, the district court must determine whether it would be in the interests of justice to transfer it).

While this Court recognizes that it could recommend dismissal of this § 2254 action without prejudice, it is in the interest of justice to transfer this action to the United States District Court for the Western District of Texas (Pecos Division)[3] for the following reasons. Petitioner mistakenly believed this Court has concurrent jurisdiction over this habeas case; it appears Petitioner has not previously filed a § 2254 habeas action in the appropriate Texas federal court; and dismissal of this action could implicate statute of limitations issues.[4]

Additionally, Petitioner is hereby informed that any subsequent § 2254 action will be subject to the restrictions on successive or second § 2254 actions. *See* 28 U.S.C. § 2244. Thus, Petitioner may withdraw his petition or amend it so that it contains all of the § 2254 claims that he believes he has. *See, e.g., United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Castro*, 540 U.S. 375 (2003). **As explained on the last page**

---

[3]Petitioner contends he was convicted in Reeves County, Texas. The Western District, Pecos Division, comprises several counties including Reeves. 28 U.S.C. § 124.

[4]On the information before it, this Court cannot determine how much time may be statutorily tolled due to Petitioner's state post-conviction relief action.

**of this Report and Recommendation, Petitioner is given ten (10) days to file objections to this Report and Recommendation, and Petitioner must also withdraw his petition or amend it so that it contains all of the § 2254 claims that he believes he has, if he chooses to do so, within the same ten-day deadline.**[5]

### RECOMMENDATION

Accordingly, it is recommended that this case be transferred to the United States District Court for the Western District of Texas (Pecos Division).  ***Petitioner's attention is directed to the important notice on the next page.***


November 15, 2016                                           S/Jacquelyn D. Austin
Greenville, South Carolina                           United States Magistrate Judge

---

[5]Nothing in this Report and Recommendation prohibits the United States District Court for the Western District of Texas (Pecos Division) from allowing Petitioner more time to amend his § 2254 action.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).